IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WHITTENBERG,

        Plaintiff,                    No. CIV S-04-2225 GEB EFB P

   vs.

V. BORTOLAMEDI, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on plaintiff's October 20, 2004, complaint, which alleges that defendants Brown and Largent retaliated against him for filing an administrative appeal. The matter is currently before the court on defendants' February 8, 2007, motion to dismiss, or alternatively, for summary judgment. The motion argues that plaintiff failed to exhaust his administrative remedies on the claims against defendant Brown, and that there is no evidence to establish that they retaliated against plaintiff. Finally, the motion argues that if the allegations were true defendants are nonetheless entitled to qualified immunity.

////

////

////

1

**I.    Facts**[1]

Plaintiff is a prisoner at California State Prison, Solano ("CSP-Solano"). Compl., at 1. On April 15, 2000, Officer Bortolamedi drew a caricature of plaintiff on his identification card (which plaintiff alleges was racially derogatory), and swore at him when he protested. Defs.' Stmt. of Undisp. Facts ("SUF") 2; Pl.'s Compl., at 1:7-25. On April 25, 2000, Officer Yelton drew a similar caricature of plaintiff on his identification card (which plaintiff also alleges was racially derogatory), and laughed about it. SUF 3; Compl., at 2:1-12.

Defendant Largent erased the caricature from plaintiff's identification card on June 15, 2000. SUF 4; SUF, Ex. A, Deposition of Plaintiff ("Pl.'s Dep."), at 63. Plaintiff states that defendant Largent erased the caricature after he explained to another officer in Largent's presence that the caricature was evidence for his complaint against Bortolamedi and Yelton. Compl., at 4. Plaintiff states that Largent then denied him access to the law library and yard, grabbed the identification card, and wiped off the drawing, exclaiming, "You won't be using this evidence for anything!" Compl., at 4-5.

Although the card is issued to plaintiff, it belongs to the prison. SUF 5; Pl.'s Dep., at 66. Drawing on an identification card is a rule violation. SUF 6; Pl.'s Dep., at 67. The card needs to remain unaltered so prisoners may be identified by their pictures. SUF 7; Pl.'s Dep., at 67. Plaintiff stated in his deposition that he does not know for certain whether defendant Largent wiped the drawing off his identification card to prevent him from using it as evidence, or because the card had been altered and needed to be restored to its original condition. Pl.'s Dep., at 69.

Plaintiff admits that he has no evidence that defendant Largent was aware of his complaint against Bortolamedi and Yelton as of the date he erased the drawing, though plaintiff claims the erasure was done in retaliation for plaintiff's complaints about Bortolamedi's and Yelton's actions. Pl.'s Dep., at 73. Defendants claim that Largent was in fact not aware of

---

[1] Unless otherwise noted, all facts contained herein are undisputed.

plaintiff's complaints and that his only motivation in wiping clean the identification card was to verify that it belonged to plaintiff. Defs.' Mot., Attach. 4, Decl. of Largent ("Largent Decl."), at ¶ 4.

Plaintiff alleges that defendant Brown refused to allow him to go to the prison law library from May 2, 2000, through June 7, 2000, in order to obstruct his preparation of a complaint against Bortolamedi and Yelton. Compl., at 3. On three or four occasions between May 2, 2000, and June 7, 2000, defendant Brown denied plaintiff a pass to the law library. SUF 11; Compl., at 3; Pl.'s Dep., at 79:12-17. Brown did not tell plaintiff why he could not have a pass and plaintiff did not ask. SUF 12; Pl.'s Dep., at 79:18-24. Plaintiff has no evidence that Brown denied him access to the library because he filed complaints against other correctional officers, other than his general belief that officers talk to each other. SUF 13; Pl.'s Dep., at 80:23-81: 7. He has no evidence that Brown was aware of his complaints against other officers when Brown denied him access to the library. SUF 14; Pl.'s Dep., at 82:17-20.

Brown denies retaliating against plaintiff; and alleges he did not even know about plaintiff's administrative complaints against officers Bortolamedi and Yelton as of June 7, 2000. SUF 15; Defs.' Mot., Attach. 2, Declaration of Brown ("Brown Decl."), at ¶ 2.

In addition, plaintiff filed a 602 appeal regarding this issue, then withdrew it after he was given a library pass and Brown was counseled regarding the matter. SUF 16; Pl.'s Dep., at 74:20-76:7. Plaintiff gives the log number 00-01204 for that appeal. SUF 17; Pl.'s Dep., at 75:14-23. The prison's records confirm that the appeal was withdrawn at the informal level. Defs.' Mot., Attach. 3, Declaration of Cervantes ("Cervantes Decl."), at ¶ 5.

Plaintiff also claims that Brown retaliated against him by removing 602 appeals from his locker. Compl., at 5. Brown denies removing the 602 appeals. Brown Decl., at ¶ 3. Assuming he removed them, however, plaintiff testified at deposition that has no information as to why Brown did so. SUF 18; Pl.'s Dep., at 88: 21-89: 11. No one ever told him that Brown took 602 appeals from his locker in order to retaliate against him. *Id.*

3

All of the 602 appeals that plaintiff alleges were confiscated by Brown are attached to the complaint.  SUF 19; Pl.'s Dep., at 85:2-18.  Plaintiff alleges that Brown only confiscated copies of them.  *Id.*  In addition, all of the 602 appeals were processed and responded to by the appropriate prison authorities.  SUF 20; Pl.'s Dep., at 85:19-25.  Plaintiff was not harmed by Brown confiscating the copies from his locker.  SUF 21; Pl.'s Dep., at 86:1-4.

Plaintiff claims that Brown retaliated against him by refusing to let him go to the yard for exercise on June 30, 2000, at approximately 1:30 p.m.  Compl., at 7.  Brown contends that if plaintiff did not go to the yard on that date it was because the time for doing so was over.  Brown Decl., at ¶ 4.  Plaintiff testified at deposition that he has no evidence that Brown refused to let him go to the yard in retaliation for filing grievances.  SUF 23; Pl.'s Dep., at 89:12-90:10.

Finally, plaintiff claims that Brown retaliated against him again on June 30, 2000, by moving him to a different building.  Compl., at 7.  However, Brown did not make that decision.  Instead, it was made by Lieutenant D. Gorhoff.  SUF 24.  Defendants contend the move was made in order to accommodate the housing needs of other inmates, *id.*, and that Brown had no interest in where plaintiff was housed; his only motivation in following the orders of his superior officer was to carry out his job responsibilities.  *Id.*  Plaintiff testified at deposition that he was not harmed by the move.  SUF 26; Pl.'s Dep., at 94:11-12, 97:23-25.

Although plaintiff believes Brown's and Largent's actions were taken at the behest of Bortolamedi, he admitted at deposition that he has no evidence of this.  SUF 27; Pl.'s Dep., at 22:9-24: 14.  In addition, plaintiff further testified that he has no evidence that Yelton involved either Brown or Largent in any act of retaliation against him.  SUF 28; Pl.'s Dep., at 52:15-22.  Lastly, plaintiff testified at deposition that he has no evidence that Sgt. Johnson involved Brown or Largent in any act of retaliation against him.  SUF 29; Pl.'s Dep., at 62:20-63:1.

////

////

////

**II.     Standards**

Defendants seek dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined. The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[2] *Wyatt*, 315 F.3d at 1119. However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving. *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses on summary judgment. Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

**III.    Summary Judgment Standards**

Summary judgment pursuant to Fed. R. Civ. P. 56(a) avoids unnecessary trials in cases with no disputed material facts. *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Rule 56 serves to screen the latter cases from those which actually require resolution of

---

[2] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint. It is a motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.* In this regard, the Ninth Circuit in *Wyatt* provides further guidance. It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14

5

1  genuine disputes over facts material to the outcome of the case; e.g., issues that can only be

2  determined through presentation of testimony and evidence at trial such as credibility

3  determinations of conflicting testimony over dispositive facts.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

Thus, to overcome summary judgement an opposing party must show a dispute that is both genuine, and involving a fact that makes a difference in the outcome.[3]  Two steps are

---

[3] On February 1, 2006, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

necessary. First, according to the substantive law, the court must determine what facts are material. Second, in light of the appropriate standard of proof, the court must determine whether material factual disputes require resolution at trial. *Id.,* at 248.

When the opposing party has the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). The moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex v. Cattret*, 477 U.S. 317, 323-24 (1986).

If the moving party meets its burden, the burden shifts to the opposing party to establish genuine material factual issues. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586.[4] The opposing party must demonstrate that the disputed facts are material, i.e., facts that might affect the outcome of the suit under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that disputes are genuine, i.e., the parties' differing versions of the truth require resolution at trial, *see T.W. Elec.*, 809 F.2d at 631. There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial. *Celotex*, 477 U.S. at 323. The opposing party may not rest upon the pleadings' mere allegations or denials, but must present evidence of specific disputed facts. *See Anderson*, 477 U.S. at 248.[5] Conclusory statements cannot defeat a properly supported summary judgment motion. *See Scott v. Rosenberg*, 702 F.2d 1263, 1271-72 (9th Cir. 1983).

---

[4] The nonmoving party with the burden of proof "must establish each element of his claim with significant probative evidence tending to support the complaint." *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (internal quotations omitted). A complete failure of proof on an essential element of the nonmoving party's case renders all other facts immaterial, and entitles the moving party to summary judgment. *Celotex*, 477 U.S. at 322.

[5] A verified complaint may be used as an affidavit in opposition to the motion. *Schroeder v McDonald*, 55 F. 3d 454, 460 (9th Cir. 1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam).

7

1 　　　The court does not determine witness credibility.  It believes the opposing party's
2 evidence, and draws inferences most favorably for the opposing party.  *See Anderson*, 477 U.S. at
3 249, 255.  Inferences, however, are not drawn out of "thin air," and the proponent must adduce
4 evidence of a factual predicate from which to draw inferences.  *American Int'l Group, Inc. v.*
5 *American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*,
6 477 U.S. at 322).

7 　　　If reasonable minds could differ on material facts at issue, summary judgment is
8 inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  On the other
9 hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the
10 nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation
11 omitted).  In that case, the court must grant summary judgment.

12 　　　With these standards in mind, it is important to note that plaintiff bears the burden of
13 proof at trial over the issue raised on this motion, i.e., whether the defendant acted with deliberate
14 indifference to the plaintiff's safety.  Equally critical is that "deliberate indifference" is an
15 essential element of plaintiff's cause of action.  Therefore, to withstand defendant's motion,
16 plaintiff may not rest on the mere allegations or denials of his pleadings.  He must demonstrate a
17 genuine issue for trial, *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989), and he
18 must do so with evidence upon which a fair-minded jury" could return a verdict for [him] on the
19 evidence presented."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.

20 **IV.　　Failure to Exhaust**

21 　　　The applicable statute is 42 U.S.C. § 1997e(a), which provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

25 This requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001);
26 *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute

1 making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion
2 a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis*
3 in an action challenging the conditions of his confinement brings an action for purposes of 42
4 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047,
5 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies
6 before filing any papers in federal court and is not entitled to a stay of judicial proceedings in
7 order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Defendant has
8 the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir.
9 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*., at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*., at § 3084.5. A division head reviews appeals on the first formal level, *see Id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id*., at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*., at § 3084.1(a).

Here, defendants argue that plaintiff withdrew his relevant 602 appeal, at the informal level, which contained his claim that defendant Brown retaliated against him by denying him law library access. Plaintiff conceded this at his deposition, stating that the appeal against Brown regarding this issue was "withdrawn," or "dropped." Pl.'s Opp'n, at 2, ¶ 5; Pl.'s Dep., at 75:2-21. There is no dispute over this fact and plaintiff plainly has failed to exhaust his claim of retaliation regarding library access. Therefore, Brown's motion for summary judgment on this claim must be granted.

9

**V.      Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir.1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.2005). Verbal harassment alone is insufficient to state a claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562, n. 1 (10th Cir. 1990).

**A.  Defendant Largent**

In his verified complaint, plaintiff alleges that defendant Largent retaliated against him by denying him access to the law library and yard after plaintiff described the drawing on his identification card as "evidence" for his complaint. Compl., at 4. Plaintiff also claims that defendant Largent took his identification card and wiped off the drawings, destroying the evidence and stating "[y]ou won't be using this evidence for anything!" Compl., at 5. In contradiction to this allegation, defendants adduce plaintiff's deposition testimony, in which plaintiff states that he has no evidence, and only assumes that Largent was aware of his complaints against officers Bortolamedi and Yelton. Plaintiff's contradictory statements fail to plead facts that Largent took adverse action against him in retaliation for his exercise of his First Amendment rights. The court finds that plaintiff has failed to present evidence of a disputed issue of material fact regarding his claims against Largent and therefore recommends that defendant Largent's motion for summary judgment be granted.

**B. Defendant Brown**

Plaintiff claims that defendant Brown retaliated against him by confiscating his 602 appeals, by refusing him yard exercise on June 30, 2000, and by moving his housing to a different building. Plaintiff does not present evidence that any of these actions were in fact adverse. Plaintiff testified that the appeals Brown confiscated were only copies and not originals, and that this confiscation did not prevent him from filing his appeals, nor were any of the appeals left unanswered or unresolved by the prison. Plaintiff only alleges and does not demonstrate how denial of yard time was adverse. Brown testified that the time for access to the yard had expired and he therefore denied plaintiff access. Plaintiff has not shown that his housing transfer was adverse. Further, Brown presents evidence that he did not make the decision to transfer plaintiff to different housing, but even if he had, the transfer was for the legitimate penological goal of accommodating the housing needs of other inmates. Plaintiff has not presented evidence upon which a trier of fact could conclude that Brown's actions were retaliatory and not "mere conclusions of hypothetical retaliation" that do not suffice to show retaliation because of his exercise of his constitutional rights. *Frazier*, 922 F.2d at 562, n. 1. The court therefore recommends that defendant Brown's motion for summary judgement be granted.

**V.   Conclusion**

In accordance with the above, it is hereby RECOMMENDED that:

1. Defendants' February 8, 2007, motion to dismiss, or in the alternative, for summary judgment be granted and judgment be entered in their favor; and

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 22, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE